**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Dewayne Decker,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>Respondents. | No. CV-21-00761-PHX-DWL<br><br>**ORDER** |

On April 26, 2021, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (Doc. 1.) Later, on August 27, 2021, Petitioner filed a motion to require Respondents to produce certain "court records and transcripts that would demonstrate Petitioner['s] mental disabilities, limited comprehension and low IQ." (Doc. 11.)

On March 11, 2022, Magistrate Judge Morrissey issued a Report and Recommendation ("R&R") concluding that the Petition should be denied and dismissed with prejudice and that Petitioner's motion should be denied. (Doc. 15.) Afterward, Petitioner filed objections to the R&R (Doc. 18) and Respondents filed a response (Doc. 20). Additionally, Petitioner filed a motion to stay. (Doc. 19.) For the following reasons, the Court overrules Petitioner's objections, adopts the R&R, denies Petitioner's stay request, and terminates this action.

…

…

I. Background

*The Crime*. Petitioner was visiting a friend's apartment when he got into a fight with one of the occupants. (Doc. 15 at 2.) During the fight, Petitioner suffered a knife wound to his face. (*Id.*) Petitioner then left the apartment and rode away on his bicycle. (*Id.*) About 20 minutes later, Petitioner returned to the apartment in a car with two or three other people. (*Id.*) Petitioner got out of the car, walked to the apartment's front door (which was open), and fired three shots into the apartment, killing the man with whom he had previously fought. (*Id.*) Petitioner "then laughed, put the gun in his pocket, and left in the car." (*Id.*) In the aftermath of the incident, Petitioner was identified as the shooter by both the friend he had been visiting and by the apartment manager, who identified Petitioner in a photo lineup. (*Id.*)

*Trial Court Proceedings*. Petitioner "was arrested and charged with first-degree murder and first-degree burglary. After an initial mistrial due to a hung jury, [Petitioner] was convicted as charged, with the jury unanimously finding both premeditated and felony murder. [Petitioner] was sentenced to concurrent terms of life in prison with the possibility of release after 25 years for the murder conviction and 10.5 years for the burglary conviction, and he timely appealed." (*Id.*)

*Direct Appeal*. During his direct appeal, "Petitioner claimed the trial court's denial of his *Batson* challenges violated his constitutional rights to due process, equal protection, and a fair trial and that substantial evidence did not support his conviction for first-degree burglary. In a supplemental brief, Petitioner [further] claimed the trial court erred by overruling his objection to the State's statement in closing argument that a bullet entering a residence constitutes 'entry' for purposes of establishing first-degree burglary." (*Id.* at 2-3.)

On January 7, 2016, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (*Id.* at 3.)

On August 30, 2016, the Arizona Supreme Court denied review. (*Id.*)

On September 29, 2016, the Arizona Court of Appeals issued its mandate. (*Id.*)

*Initial PCR Proceedings*. On April 21, 2017, Petitioner filed a delayed notice of post-conviction relief ("PCR") claiming ineffective assistance of counsel. (*Id.*). Petitioner asserted he was "without fault" for the untimeliness because his "comprehension is limited as determined by [an] attached letter." (*Id.*)

On June 1, 2017, the PCR court dismissed the proceeding as "untimely by more than five months" and noted Petitioner had not provided the letter referenced in the notice. (*Id.*)

On July 5, 2017, Petitioner filed a letter from George DeLong, a psychologist who examined Petitioner on August 22, 2012 and found him competent for purposes of plea bargaining, and a letter from an individual named Cory Brookins, who stated Petitioner "will not be able to read and comprehend court materials without specialized assistance." (*Id.*)

Nearly two years later, on June 5, 2019, Petitioner filed a "Motion for Status." (*Id.*)

On June 15, 2019, the PCR court issued a minute entry stating it had reviewed the motion and letters filed on July 5, 2017 and advising Petitioner that his PCR proceeding had been dismissed on June 1, 2017. (*Id.*)

*Successive PCR Proceedings*. On July 31, 2019, Petitioner filed a second PCR notice and a PCR petition. (*Id.*) Petitioner asserted that the previous notice had been prepared by "the unit paralegal" and that he is "mentally disable[d] with an IQ below 60" which the sentencing judge "recognized." (*Id.* at 3-4.) Petitioner claimed the trial court improperly instructed the jury by: "omit[ting] the essential element of intent" from the instruction on first-degree burglary, "provid[ing] an instruction that allowed the jury to find [him] guilty of premeditated first-degree murder for intending to cause serious physical injury or any injury," and providing an instruction that impermissibly "shifted the burden of proof to [him]." (*Id.* at 4.) Petitioner further claimed that his trial and appellate counsel were ineffective and that these claims were not precluded. (*Id.*)

On August 19, 2019, the PCR court dismissed the petition. (*Id.*)

On October 1, 2020, the Arizona Court of Appeals granted review but denied relief.

(*Id.*)

On March 4, 2021, the Arizona Supreme Court denied review. (*Id.*)

On October 5, 2021, Petitioner filed a third PCR notice and petition. (*Id.*) Petitioner states this petition is "still pending." (*Id.*)

*The Petition*. As noted, Petitioner filed the Petition on April 26, 2021. (Doc. 1.) The Court previously construed it as raising five grounds for relief:

> In Ground One, Petitioner alleges that the trial court's denial of Petitioner's *Batson* challenges to the State's peremptory strikes of two prospective minority jurors violated Petitioner's constitutional rights to due process, equal protection, and a fair trial. In Ground Two, Petitioner alleges that his burglary conviction is not supported by substantial evidence. In Ground Three, Petitioner alleges that the trial court denied Petitioner's right to a fair trial and due process by incorrectly stating the law for first degree burglary and omitting the essential element of intent from the jury instruction, and by providing an instruction that allowed the jury to find Petitioner guilty of first-degree murder for "intending to cause serious physical injury or any injury." In Ground Four, Petitioner alleges that his rights to a fair trial, due process, and equal protection were violated when the burden of proof instruction "incorrectly convey[ed] the concept of reasonable doubt to the jury, shifted the burden of proof to Petitioner, and impermissibly ease[d] the prosecution's burden of proof." And inground Five, Petitioner alleges that his trial and appellate counsel provided ineffective assistance.

(Doc. 4 at 1-2.)

*The R&R*. The R&R concludes the Petition should be denied and dismissed with prejudice because it is untimely. (Doc. 15 at 6-14.) First, the R&R concludes that because direct review concluded on November 28, 2016 (*i.e.,* 90 days after the Arizona Supreme Court denied review on August 30, 2016), the Petition was due by November 28, 2017, which in turn means the April 26, 2021 filing date was—absent tolling or some other exception—1,245 days too late. (*Id.* at 6.) Second, the R&R concludes that Petitioner is not entitled to statutory tolling because "[e]ach of his PCR proceedings were dismissed as untimely" and thus "at no point did he have a 'properly' filed PCR petition in state court." (*Id.* at 7.) Third, the R&R concludes that Petitioner is not entitled to equitable tolling based on his low intellectual functioning "because, even if these limitations inhibited his ability

to understand the need to timely file his petition or to personally prepare it and effectuate its filing, he has not shown the diligence necessary to obtain equitable tolling on that basis—*i.e.*, that his limitations were the but-for cause of the delay." (*Id.* at 7-12.) In support of this conclusion, the R&R notes that "Petitioner, proceeding pro se, filed at least three PCR petitions in Maricopa County Superior Court, a petition for review in the Arizona Court of Appeals, and a petition for review in the Arizona Supreme Court," as well as "the present petition, a reply to Respondents' answer to the petition, a motion for an extension of time to file his reply, and the pending motion for discovery." (*Id.*) The R&R also notes that although Petitioner took various steps in mid-2017 to obtain legal assistance, "Petitioner does not state what further action, if any, he took between receiving [assistance] materials in August 2017 and November 28, 2017—the day his petition was due—much less why he delayed even attempting to pursue his federal claims until July 2017 when his convictions became final in November 2016. The absence of any explanation for Petitioner's inaction and delay during the limitations period, coupled with the absence of any unambiguous requests for assistance with preparing a federal habeas petition (as he had done for his first PCR notice), precludes a finding that Petitioner exercised the necessary diligence in pursuing his federal rights." (*Id.*) Fourth, the R&R concludes that Petitioner cannot overcome the lack of timeliness by showing actual innocence because the hung jury during Petitioner's trial is not proof of actual innocence. (*Id.* at 12-14.)

Finally, as for Petitioner's motion to compel Respondents to produce certain court records, Judge Morrissey denied it because "the extent of Petitioner's mental impairment is immaterial to the Court's equitable tolling analysis due to his lack of diligence. The Court, therefore, finds no good cause to expand the record to include additional evidence regarding Plaintiff's mental impairment because such evidence, even if sufficiently probative of a qualifying mental impairment, would be inconsequential to the Court's findings with regards to equitable tolling." (*Id.* at 14-15.)

…

## II. Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Fed. R. Civ. P. 72(b)(3).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

## III. Analysis

Although Petitioner's objections to the R&R (Doc. 18) are not a model of clarity, Petitioner appears to advance the following arguments: (1) Judge Morrissey improperly

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 457 (2021) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

- 6 -

denied his discovery request because the requested materials would support his claims for statutory and equitable tolling (*id.* at 2-3); (2) he was, in fact, impliedly acquitted during his first trial, which shows that he is actually innocent and that denying review would result in a miscarriage of justice (*id.* at 3-7); and (3) the R&R improperly recommends that his request for a certificate of appealability be denied (*id.* at 7-8).

Petitioner's objections lack merit. As for the first objection, the Court agrees with Respondents that "this argument ignores the R&R's finding that evidence of [Petitioner's] mental impairment was 'immaterial to the Court's equitable tolling analysis due to his lack of diligence.' In other words, because [Petitioner] did not demonstrate diligence in pursuing his federal claims, no amount of additional evidence of his 'limited comprehension' would save his claim." (Doc. 20 at 3.) The Court further agrees with Respondents that Petitioner's "pointing to the unavailability of legal assistance for federal petitions as reason for his delay is contradicted by his ability to repeatedly prepare and file multiple briefs and motions—including extension of time motions—once he took his claims to federal court." (*Id.*) As for the second objection, Petitioner's arguments concerning implied acquittals do not establish actual innocence. As for the third objection, the Court agrees with the R&R that the standard for issuance of a certificate of appealability has not been met here.

Finally, as for Petitioner's stay request (Doc. 19), it fails because, as Respondents correctly note, "the resolution of his [pending] claim in the state court—that he was 'impliedly acquitted of first-degree murder'—has no impact on the issue before this Court, which is whether [he] can excuse the untimeliness of his petition." (Doc. 20 at 2.)

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 18) are **overruled**.

(2) The R&R (Doc. 15) is **accepted**.

(3) The Petition (Doc. 1) is **denied and dismissed with prejudice**.

(4) A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar

and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

   (5) Petitioner's motion for stay (Doc. 19) is **denied**.

   (6) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 15th day of April, 2022.

                 Dominic W. Lanza
                 United States District Judge